**Joy M. CHANDLER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72-1702

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1972.

Pat E. Dwyer, Alice L. Dwyer, El Paso, Tex., for petitioner-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, GOLDBERG and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

In this case we must determine the legality of the action of a district judge, who, when faced with petitioner's motion to reduce or vacate a clearly excessive sentence on one count of a multicount conviction, reduced the sentence on the one count and then raised an otherwise proper and unchallenged sentence on the second count. Finding the trial court's action wholly incompatible with the double jeopardy clause of the Fifth Amendment, we reverse.

Petitioner was convicted in the Federal District Court for the Western District of Texas on a two count indictment for violating 26 U.S.C.A. § 7206(1), willfully subscribing a fraudulent tax return (count one); and 26 U.S.C.A. § 7201, willfully evading federal income tax for the year 1964 (count two). On March 27, 1971, petitioner was sentenced to five years imprisonment on count one and three years imprisonment on count two, the sentences to be served concurrently. The maximum statutory penalty for violation of § 7206(1) is three years and for § 7201 is five years.

On December· 28, 1971, petitioner, in custody at the Women's Federal Peni-

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

tentiary in Alderson, West Virginia, filed a motion pursuant to 28 U.S.C.A. § 2255 to vacate or set aside the illegally excessive sentence imposed for count one. The trial court responded to this motion on March 22, 1972 by reducing the sentence for count one to three years but at the same time increasing the sentence for count two to five years. In its order vacating and correcting the sentence, the district court made the following explanation:

"   .   .   .

9. The intent of the Court in imposing a sentence on Petitioner was to commit Petitioner to the custody of the Attorney General or his authorized representative for imprisonment for a period of 3 years, pursuant to the provisions of 18 U.S.C. § 4208(a)(2), for having been found guilty of violating 26 U.S.C. § 7206(1).

10. It was the intent of the Court to commit Petitioner to the custody of the Attorney General or his authorized representative for imprisonment for a period of 5 years, pursuant to the provisions of 18 U.S.C. § 4208(a)(2), for having been found guilty of violating 26 U.S.C. § 7201, said sentence to run concurrently with the sentence of 3 years imposed on Petitioner for having been found guilty of violating 26 U.S.C. § 7206(1).

In order to conform the Judgment and Commitment previously entered in this cause on April 7, 1970, with the obvious intentions of the Court, and in order to correct a sentence in excess of the maximum authorized by law, the Court is of the opinion that the Judgment and Commitment entered in this cause on April 7, 1970, should be vacated and set aside, and Petitioner be re-sentenced under the provisions of 28 U.S.C. § 2255.

It is therefore, Ordered, Adjudged and Decreed that the Judgment and Commitment entered by the Court on April 7, 1970, be vacated and set aside. It is further ordered by the Court that the Judgment and Commit-

ment of Petitioner be corrected to provide as follows:

'It is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of 3 years pursuant to the provisions of Section 4208(a)(2), Title 18, U.S.C., on Count One above, and 5 years, pursuant to the provisions of Section 4208(a)(2), Title 18, U.S.C., on Count Two herein, said sentence to run concurrently with the sentence imposed on Count One.' "

Petitioner appeals from that order claiming that the imposition of a greater sentence on count two violates her right against double jeopardy, guaranteed by the Fifth Amendment of the U. S. Constitution.

The double jeopardy provision of the Constitution is designed to protect an individual from being retried for the same criminal acts. It is well established that this safeguard is not limited to the retrial of the question of guilt, but also protects against resentencing for the same offense. "For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict." Ex Parte Lange, 1873, 18 Wall. 163, 173, 85 U.S. 163, 21 L.Ed. 872. *See* Schultz v. United States, 5 Cir. 1967, 384 F.2d 374, 375; Sullens v. United States, 5 Cir. 1969, 409 F.2d 545, 547; United States v. Welty, 3 Cir. 1970, 426 F.2d 615, 618. While it is true that on a retrial, after a successful appeal at defendant's behest, imposition of a greater sentence is sometimes permissible, *e. g.*, North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, that can only occur where the defendant himself moved to vacate the original sentence or conviction and thereby waived any double jeopardy claim. Here, petitioner only challenged the sentence on count one. The three year sentence on count two was within the statutory maximum and was unchallenged by petitioner. The upward mod-

ification of that sentence was undertaken *sua sponte* by the district court.

■ Even assuming the above statement of the facts and law, the Government argues that an exception should be recognized in cases such as this where the alteration of the sentence was undertaken solely to conform to the original intention of the trial judge and the error in the original sentence was due solely to an inadvertent transposition of the numbers. Were we clairvoyant and able to say for certain in every case what the trial judge really "intended," this argument might be persuasive. Being mere mortals however, we must refrain from such delicate undertakings, and we refuse to sanction a procedure that encourages such an inquiry. The Third Circuit, reversing a sentence modification based on the district court judge's attempt to effectuate his original intent, made the following observations to which we fully subscribe:

"The result sought by the government may not be justified by resort to what is said to be the intention of the sentencing judge that the defendant be imprisoned for a total of 12 years, eight years on the bank robbery counts and four years on the conspiracy count. In this case, it is true, the transcript of the sentence proceeding shows clearly that the sentencing judge explained to the defendant that his sentence was for a maximum term of 12 years. But his statement was made in the belief that the defendant was guilty of five separate offenses under which the judge could have imposed sentences of imprisonment totaling 80 years. It is therefore impossible, even in this case, to determine whether the judge would have decided on sentences totaling 12 years if he had known that the defendant was guilty on counts for which the combined maximum sentence was 30 years imprisonment. This illustrates the undesirability of attempting to reconstruct the intention of the sentencing judge from indications, however unambiguous, of his intention at the time he acted under a misapprehension of the law.

We recently pointed out in another context that 'History records illustrations enough of the evils which might ensue if judgments of sentence could be tampered with by subsequent oral evidence of their intentions contrary to the meaning of the words used.'"

United States v. Welty, *supra*, 426 F.2d, at 618 [footnote omitted].

Although this is a matter of first impression in this circuit, in recent years several other circuits have been faced with exact or similar circumstances and all have agreed that an upward modification of sentence such as we have here violates the double jeopardy clause. A Second Circuit case, United States v. Sacco, 2 Cir. 1966, 367 F.2d 368, is on all fours with the instant case and we find it very instructive. There, defendant was convicted on two counts, one for transporting stolen goods, which had a maximum statutory penalty of ten years, and one for conspiracy to commit the substantive crime, which had a maximum statutory penalty of five years. The trial judge sentenced defendant to five years on the substantive count and seven years on the conspiracy count. When the defendant moved to vacate the excessive conspiracy sentence eight months later, the trial court responded by transposing the penalties on both counts of the original sentence, claiming that this would be in conformity with the original intent. The court of appeals, reversing the district court's action, stated:

"We are of the opinion that a judge should not be permitted to increase a sentence clearly and explicitly imposed, after the prisoner has begun to serve it, even though the judge later recollects that he had intended at the time to decree a longer sentence for a conviction on a particular count but did not do so because he had inadvertently confused it with another count. This is not the case of an error in reporting or a purely clerical error or a

judicial mistake corrected the same day or the imposition of a sentence of less than a mandatory minimum or similar flaws which present quite different problems. The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners."

367 F.2d at 369–370. We are aware of the dissent by Chief Judge Lumbard in that case, but we find the majority opinion more in line with both the precedents and the need for safeguards against arbitrary or punitive resentencing.

The other circuits facing this problem have likewise refused to sanction the resentencing of a defendant on one count when the defendant has moved to vacate an excessive sentence on another count. Kennedy v. United States, 9 Cir. 1964, 330 F.2d 26; United States v. Adams, 6 Cir. 1966, 362 F.2d 210. Although the government tries to distinguish these two cases on the ground that the error in the original sentences was caused by the trial judge's mistake of law rather than by mere inadvertence, we find this distinction trivial and the reasoning of those two cases fully applicable here. *See also* United States v. Welty, *supra.*

To allow the trial court's action in this case to stand would place a rather formidable deterrent in the path of a convicted defendant who desires to apply for post-conviction relief on only one count of a multi-count conviction. By subjecting the defendant to the contingency of having a non-challenged sentence escalated to the statutory maximum, we would truly be inviting the defendant to play "Russian Roulette." *See* Patton v. North Carolina, 4 Cir. 1967, 381 F.2d 636, cert. denied, 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871. *See generally,* Van Alstyne, In Gideon's Wake: Harsher Penalties and the "Successful" Criminal Appellant, 74 Yale L.J. 606 (1965). Admittedly, the Government is requesting only that a narrow hole be bored in the double jeopardy clause. We will not, however, allow deep-ly entrenched constitutional rights to be made subject to claims of "inadvertent error" and we must plug up the hole, however small, left open by the trial court's auger. We cannot allow even judicial remembrances of things past to dim the constitutional incandescence of the Fifth Amendment.

Since the maximum statutory sentence under 26 U.S.C.A. § 7206(1) is three years, we affirm the district court's order reducing the sentence on count one to three years. The upward modification of count two, being violative of defendant's Fifth Amendment right against being placed in double jeopardy, is vacated. The original three year sentence on count two is restored and the two sentences shall run concurrently. The case is remanded to the district court to enter sentence in accordance with the above instructions.

Reversed and remanded.