Hector Santiago ALICEA, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

Civil No. 96–1281(RLA).
Criminal No. 91–159(RLA).

United States District Court,
D. Puerto Rico.

June 6, 1996.

Héctor Santiago Alicea, Miami, Florida, pro se.

United States Attorney, U.S. Attorney's Office, Hato Rey, Puerto Rico, for Respondent.

### *ORDER GRANTING 28 U.S.C. § 2255 PETITION, VACATING COUNT FOUR OF SENTENCE AND RESENTENCING DEFENDANT*

ACOSTA, District Judge.

HECTOR SANTIAGO–ALICEA has petitioned the Court for a writ of *habeas corpus,* pursuant to 28 U.S.C. § 2255, to vacate Count Four of his conviction and amend his judgment of conviction accordingly.

Mr. SANTIAGO–ALICEA claims that he was incorrectly deemed to have "used" a firearm in relation to the drug trafficking crime for which he was convicted in Criminal Case No. 91–159 (RLA). Consequently, he argues, the consecutive imprisonment term of five years which he received pursuant to 18 U.S.C. § 924(c)(1) should be vacated.

### BACKGROUND

A detailed factual background of petitioner's offense and conviction can be found in *United States v. Torres–Maldonado,* 14 F.3d 95 (1st Cir.1994). A summary of the procedural background follows:

Petitioner HECTOR SANTIAGO ALICEA was found guilty after a jury trial and convicted of conspiring to possess with intent to distribute and possessing with intent to distribute cocaine (Counts One and Two) in

violation of 21 U.S.C. §§ 846 and 841(a)(1) and using a firearm during and in relation to a drug trafficking crime (Count Four), in violation of 18 U.S.C. § 924(c)(1). He was sentenced to concurrent terms of 80 months imprisonment on Counts One and Two, and to a consecutive 60–month term of incarceration on Count Four. His conviction was affirmed on appeal on January 20, 1994. *See Torres–Maldonado, supra.* This 28 U.S.C. § 2255 petition followed.

## DISCUSSION

Petitioner's motion to vacate sentence finds its support in the new substantive legal rule recently articulated by the Supreme Court in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

In *Bailey,* the Supreme Court rejected the Government's contention that " 'placement for protection'—*i.e.,* placement of a firearm to provide a sense of security or to embolden—constitutes a 'use' [within the meaning of the statute]." *Bailey,* —— U.S. at ——, 116 S.Ct. at 508. It rejected this broad reading of the statute, citing "the obvious congressional intent to require more than possession to trigger the statute's application." *Id.,* at ——, 116 S.Ct. at 506. Thus, it held "that § 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id.,* at ——, 116 S.Ct. at 505.

Respondent United States Government concedes that in the case of SANTIAGO ALICEA there is no evidence establishing petitioner's active employment of a firearm so as to constitute "use" of same under the new *Bailey* rule. The Government is requesting, however, that we uphold petitioner's conviction under the "carrying" prong of Section 924(c)(1). It argues that with the facts advanced in this case, a jury could rationally conclude that SANTIAGO ALICEA was "carrying" a weapon during the commission of a drug offense in the way that the Supreme Court has construed that component of the statute under *Bailey:*

> Under the interpretation we enunciate today, a firearm can be used without being

carried, *e.g.,* when an offender has a gun on display during a transaction or barters with a firearm without handling it; and a firearm can be carried without being used, *e.g.,* when an offender keeps a gun hidden in his clothing throughout a drug transaction.

*Id.,* at ——, 116 S.Ct. at 506.

To prop up its argument, Respondent cites a portion of the First Circuit court's discussion of the facts in *Torres–Maldonado,* whereby it stated:

> At approximately 11:00 p.m. on March 6, 1991 the surveilling agents observed defendants Hector Santiago–Alicea (Santiago Alicea), Teddy Leon Ayala (Leon), Oscar Diaz–Cruz (Díaz) and Frankie Nieves–Burgos (Nieves–Burgos) with an unidentified man in the hotel lobby. **Santiago–Alicea was wearing a bulletproof jacket, and the agents noticed a bulge under the jacket which appeared to be a gun.** The group proceeded from the lobby to the hotel parking lot where the unidentified individual, after opening the trunk of the car, opened a plastic bag inside the trunk and counted unidentified objects inside the bag.

*Torres–Maldonado,* 14 F.3d at 98 (emphasis added).

Indeed, the Court of Appeals was able to conclude, in discussing the sufficiency of the evidence adduced against petitioner,

> that a reasonable jury could have found beyond a reasonable doubt that the bulge was one of the guns found in the drug raid, and that Santiago–Alicea was "using" the gun, as that term in used is 924(c)(1), during and in relation to a drug offense.

*Id.* at 101.

The Government invites us to leap blindly from this appellate court conclusion to a finding that petitioner "carried" the firearm, with the resultant upholding of his conviction under the statute. Thus, it is contended that "[a] jury could rationally conclude that Santiago–Alicea was 'carrying' a weapon during the commission of a drug offense at the parking []lot] of the Carib Inn Hotel on the night of March 6, 1991." Respondent's motion at 4.

We decline the invitation. SANTIAGO ALICEA was charged with "using" the firearm, not with "carrying" the firearm under the provisions of 18 U.S.C. § 924(c)(1). *See* Indictment (docket No. 1, filed on April 10, 1991) and Verdict (docket No. 181, filed on May 24, 1992). Hence, we cannot turn a blind eye to the fact that the evidence brought forth by the Government to convict SANTIAGO ALICEA was exclusively focused on the "use" prong of 924(c)(1), as that element was then defined and interpreted by the majority of federal courts prior to *Bailey*. Indeed, the record reflects that the thrust of the Government's evidentiary attack was in proving that petitioner had "used" the firearm. Further, the instruction utilized to advise jurors of the elements of § 924(c)(1) also focused on the "use" prong, because the evidence to prove that he "carried" the firearm was not before them. Thus, regardless of what a rational jury could have decided at the time, petitioner was tried on a charge of "use" of the weapon and we cannot now convict him on a provision that was not part of the indictment. Accordingly, SANTIAGO–ALICEA's conviction under 18 U.S.C. § 924(c)(1) cannot at this stage be upheld under the "carrying" prong of the statute, and the Government's request in this regard is hereby DENIED.

Both respondent and petitioner concur that the *Bailey* decision should be applied retroactively. *See* Respondent's motion at p. 3, citing *Ianniello v. United States*, 10 F.3d 59, 63 (2nd Cir.1993) and Petitioner's brief at p. 7. *See also Sanabria v. United States*, 916 F.Supp. 106, 109–114 (D.P.R.1996) (*Bailey* announced a new, nonconstitutional rule of substantive law that must be applied retroactively under the first exception of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)).

Finally, the Court agrees with the Government's contention that a two-point enhancement for possession of a firearm during the commission of the offense, pursuant to U.S.S.G. § 2D1.1(b)(1), is warranted upon resentencing. Accordingly, the Court will re-sentence defendant applying a weapons enhancement.

## HABEAS CORPUS PETITION

Having reviewed the record before us, the petition and responses thereto,[1] the First Circuit Court of Appeals' decision affirming petitioner's judgment of conviction in *United States v. Torres–Maldonado*, 14 F.3d 95 (1st Cir.1994) and the applicable case law, the Court hereby **GRANTS** the 28 U.S.C. § 2255 petition filed by Mr. SANTIAGO–ALICEA. Accordingly, petitioner's conviction on Count Four pursuant to 18 U.S.C. § 924(c)(1) is hereby **VACATED**.

## RESENTENCING

There is no need for a new sentencing hearing. *See, e.g., United States v. Taylor*, 11 F.3d 149, 151 (11th Cir.1994); *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir.1991), and the Government so acknowledges,[2] since, as in *Sanabria*, 916 F.Supp. at 109, "[r]esentencing is beneficial to the defendant and the facts of the case are clearly established, not only in the presentence investigation report, but on this record and on the appellate decision."

Petitioner SANTIAGO–ALICEA's Base Offense Level, established in the Presentence Report as **26**, is hereby increased **two (2)** levels for possession of a firearm during the commission of the offense pursuant to U.S.S.G. § 2D1.1(b)(1), bringing his total offense level to 28. A total offense level of 28, coupled with petitioner's Criminal History category of II, yields a guideline imprisonment range of 87 **to 108 months.**

Therefore, it is the judgment of this court that defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **ninety-eight (98) months** as to Counts One and Two, to be served concurrently with each other.

Given defendant's financial condition, a fine is not be imposed. The supervised release term of five years imposed on Counts One and Two, to be served concurrently, shall

---

**1.** *See* United States of America's Response ... (**docket No. 5,** filed on May 20, 1996).

**2.** *See* Respondent's motion at p. 4.

remain as imposed at the time of the original sentence.

Amended Judgment *Nunc Pro Tunc* to issue.

IT IS SO ORDERED.