**UNITED STATES of America,
Plaintiff and Respondent,**

v.

**Primantivo AESPURO, Jose Luis Beltran
Defendants and Petitioners.**

Civ. Nos. S–96–0373 WBS/JFM,
S–96–0013 WBS/JFM.
No. Cr. S–89–0476 WBS.

United States District Court,
E.D. California.

July 5, 1996.

Candace Anne Fry, Law Offices of Candace Anne Fry, Sacramento, CA, for Jose L. Beltran.

Mary French, Asst. Federal Defender, Sacramento, CA, for Primantivo Aespuro.

Miguel Rodriguez, U.S. Atty., Sacramento, CA, for U.S.

## MEMORANDUM AND ORDER

SHUBB, Chief Judge.

Defendants move to bar the court from resentencing them on the valid counts of their convictions after the court vacated the invalid counts pursuant to 28 U.S.C. § 2255.

After hearing, the court concludes it must resentence on the valid counts to correct the sentence.

### I.

### BACKGROUND

Defendants dealt heroin from a house approximately 100 yards from an elementary school. When the police raided the place, they found inside heroin, over $120,000 in cash, an assault weapon and a revolver.

Subsequently, in 1990, a jury convicted defendants on three counts: (1) conspiring to distribute and possess heroin (21 U.S.C. §§ 846 and 841(a)(1)), (2) possession with intent to distribute heroin within 1,000 feet of a public elementary school (21 U.S.C. § 841(a)(1)), and (3) use of a firearm in a drug offense (18 U.S.C. § 924(c)(1)). At their sentencing hearings, defendant Beltran received ninety-seven months on the first two counts (hereinafter the "valid counts") and defendant Aespero received 109 months on the valid counts.[1] Both defendants received an additional sixty month consecutive sentence on their respective third counts (hereinafter the "invalid counts").

Over five years later, the Supreme Court unanimously decided *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Bailey* establishes that to sustain a conviction for *use* of a firearm in a drug offense under Section 924(c), the government must present evidence that the defendant actively employed the firearm; placement for later active use does not constitute "use." *Id.* at —— – ——, 116 S.Ct. at 508–09.

Shortly after the Court decided *Bailey,* defendants moved under section 2255 to vacate and set aside their convictions and sentences under the invalid counts. They pointed out that at their trial the government did not show they actively employed either the assault weapon or the firearm. In response, the government stipulated to section 2255 relief. On April 8, 1996, this court granted defendants' motion and vacated the invalid counts of their convictions. The court also referred the matter to the Probation Office

---

1. Defendants received different sentences because defendant Beltran received a two-level reduction for acceptance of responsibility and defendant Aespuro did not.

for recalculation of sentence based solely on the valid counts. Defendants remain in custody on the sentences under the valid counts.

## II.

### *DISCUSSION*

While the government concedes the invalidity of defendants' convictions and sentences on the invalid counts, it nevertheless urges the court to compute new sentences for the valid counts. With the invalid counts now vacated, the government argues, defendants should each receive a U.S.S.G. § 2D1.1(b)(1) increase for possessing a dangerous weapon (a specific offense characteristic omitted from the prior sentence calculations because it was redundant of the invalid counts). *See* U.S.S.G. §§ 2D1.1(b)(1) and 2K2.4 (Background Note). The Probation Office's new presentence report recommends defendants receive such increases.

Defendants argue the court lacks jurisdiction to resentence on the valid counts. Defendants argue further that even if the court had such jurisdiction, increasing defendants' sentences on the valid counts constitutes double jeopardy. They also contend the government has acted vindictively in seeking resentencing. Finally, defendant Beltran asks the court to correct a perceived error in the Bureau of Prison's calculation of his credit for time-served.

### A. *Jurisdiction*

Jurisdiction exists to correct defendants' sentences under the valid counts to reflect a two-level increase for possessing a firearm. A district court may modify a defendant's sentence when Congress has expressly granted the court jurisdiction to do so. *United States v. Caterino,* 29 F.3d 1390, 1394 (9th Cir.1994) ("The authority to change a sentence must derive from some federal statutory authority."), *overruled on other grounds by,* 115 S.Ct. 2199 (1995). The statute under which defendants seek relief, 28 U.S.C. § 2255, provides the necessary authority. It authorizes motions to "vacate, set aside or correct the sentence." In bringing these section 2255 motions, defendants have conferred the jurisdiction necessary to modify their sentences.

The court may impose a new sentence on the valid counts even though defendants' motions carefully avoid attacking these counts. The Sentencing Guidelines mandate that the court impose a single sentence. *Mixon v. United States,* 926 F.Supp. 178, 181–82 (S.D.Ala.1996); *United States v. Santopietro,* 996 F.2d 17, 20 (2nd Cir.1993) (where multiple counts, the Sentencing Guidelines require a combined sentence equal to the total punishment), *cert. denied,* 510 U.S. 1092, 114 S.Ct. 921, 127 L.Ed.2d 215 (1994). Striping away the forty month sentences on the invalid counts leaves an incorrect sentence on the valid counts. As Judge Howard recently explained, the sentences on the Invalid Counts (§ 924(c)) are inextricably linked to the section 2D1.1(b)(1) increase:

> The relationship between § 924(c) and § 2D1.1(b)(1) is an "either/or" relationship at sentencing. If a defendant is convicted of "using" or carrying a firearm in furtherance of drug crime he must receive a five year consecutive sentence, but he cannot also have his base offense level enhanced pursuant to § 2D1.1(b)(1) because such enhancement would violate the Double Jeopardy Clause of the United States Constitution. However, a defendant who is not convicted of [a] violation of § 924(c) may receive an enhancement of his base offense level for possession of a firearm in connection with a drug offense.

*Mixon,* 926 F.Supp. at 180. Thus, when the court vacates and sets aside the invalid counts, it disturbs the only justification for not including a Section 2D1.1(b)(1) increase on the valid counts. To now sentence correctly, the court must include the section 2D1.1(b)(1) increases.

In so concluding, the court does not suggest the government may use a section 2255 motion offensively. It would be inconsistent with the purposes of section 2255 to vacate and set aside a conviction and sentence only to allow the government to remake its sentencing case using evidence or contentions unrelated to the initial motion. Instead, the court merely insists that "to correct" a sentence under section 2255, it must regenerate

a "correct" Guideline sentence absent the invalid counts. A contrary rule would require the court to substitute a second erroneous sentence for the first erroneous sentence.[2] The explicit language of section 2255 neither condones nor requires such a result.

### B. *Double Jeopardy*

■ Having found jurisdiction to regenerate a correct sentence, the court must examine whether it may do so consistent with the guarantees of the Double Jeopardy Clause. Specifically, in the context of a section 2255 motion attacking only a portion of a sentence, can the court resentence on the valid counts if the defendants remain in custody on those counts?

■ The Ninth Circuit has answered this question in an analogous context. With a direct appeal, the Double Jeopardy Clause does not bar a sentencing court from resentencing on a valid count when two criteria are met: (1) the "sentencing package" rule applies to allow the court to reexamine the entire sentencing scheme; and (2) defendant has not completed serving the valid portion of the sentence. *See United States v. Moreno–Hernandez,* 48 F.3d 1112, 1116 (9th Cir. 1995); *United States v. Jenkins,* 884 F.2d 433, 441 (9th Cir.1989), *cert. denied,* ── U.S. ──, 115 S.Ct. 2598, 132 L.Ed.2d 844 (1995); *United States v. Andersson,* 813 F.2d 1450, 1462 (9th Cir.1987).

These direct appeal criteria should extend to these section 2255 motions. Defendants' section 2255 motions depend on a pure legal argument: *Bailey* introduced an evidentiary standard which the government did not satisfy. This is the kind of argument that defendants could have raised on direct appeal had *Bailey* been decided before they exhausted their direct appeals. Had they done so, the Ninth Circuit could have reversed the invalid counts and this court could then have examined the "entire sentencing" packages—not just a portion of them. *Jenkins,* 884 F.2d at 441. It makes no sense to apply a different

constitutional analysis to a section 2255 motion than applies on direct appeal when, as here, the basis for the section 2255 motion involves a straight-forward legal issue of the kind that typically arises on direct appeal.

Applying the Ninth Circuit's direct appeal criteria to these facts, the court concludes that the Double Jeopardy Clause does not preclude resentencing. First, the "sentencing package" rule applies. That rule allows the district court to resentence under the unchallenged counts when the challenged count involves closely related misconduct. *Jenkins,* 884 F.2d at 441. Defendants' section 2255 motion papers challenge their sentences under the invalid counts. The invalid and valid counts involve closely related misconduct: they arise out of the same series of events and conceptually are woven together through the applicable sentencing provisions. Because defendants' section 2255 motions disturb the correctness of the entire sentencing scheme, and not just a portion of it, double jeopardy does not bar a fuller review of the entire sentencing package. Second, defendants have not completed serving their sentences under the valid counts. This fact distinguishes those cases where the court found double jeopardy had attached because the defendant had served the entire sentence on the valid count. *See United States v. Arrellano–Rios,* 799 F.2d 520 (9th Cir.1986) (holding that a fully served sentence cannot be increased, but declining to "decide at what point, in the service of a defendant's legal sentence, a reasonable expectation of finality arises"); *Warner v. United States,* 926 F.Supp. 1387, 1394–95 (E.D.Ark.1996) (declining to resentence after vacating § 924(c) because "the original sentence imposed thereon has been fully served").

In reaching this conclusion, the court rejects defendants' contention that distinctions between direct appeal and collateral attack justify a more stringent double jeopardy analysis. *See United States v. Rosen,* 764 F.2d 763, 766 (11th Cir.1985), *cert. denied,*

---

**2.** Defendants further contend that section 2255 only allows the court to correct "illegal" sentences and that failure to add a two-level increase does not make the sentence "illegal." This argument seems to rest on a faulty premise:

Rule 35, not section 2255, deals with "illegal" sentences. *See Hill v. United States,* 368 U.S. 424, 432, 82 S.Ct. 468, 473, 7 L.Ed.2d 417 (1962) (discussing Rule 35 and section 2255).

474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986) (a direct appeal case distinguishing a collateral relief case). It is true that in the context of Rule 35, the Ninth Circuit in the past determined that the Double Jeopardy Clause prevented a district court from increasing or making more severe the valid portions of the sentence originally imposed where "service of the legal portions has already commenced." *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir.1964); *United States v. Best,* 571 F.2d 484 (9th Cir.1978). However, the *Kennedy–Best* double jeopardy analysis no longer survives. *See, e.g., United States v. Jordan,* 895 F.2d 512, 515 (9th Cir.1989); *Andersson,* 813 F.2d at 1461.

Moreover, *Chandler v. U.S.,* 468 F.2d 834 (5th Cir.1972), on which defendants also rely, is inapposite. *Chandler* involved a preguideline double jeopardy challenge to the district court's power to impose a new sentence on an unchallenged count under section 2255. The court of appeals rejected the imposition of the new sentence despite the government's argument that the new sentence merely reflected what the district court would have originally done had it then known that one of the counts was invalid. "Were we clairvoyant and able to say for certain in every case what the trial judge really "intended," this argument might be persuasive." *Id.* at 836; *see also Best,* 571 F.2d at 486 (rejecting a similar argument in connection with a Rule 35 motion because it invited abuse).[3]

Here, in contrast, the government's request for a two-level increase does not require speculation about what the court originally intended. The initial 1990 presentence reports specified that the section 2D1.1(b)(1) increase would have applied to defendants had they not been convicted on the invalid counts. Those reports gave defendants fair notice that if they succeeded in challenging the invalid counts, they might expose themselves to the section 2D1.1(b)(1) increases. Accordingly, it should not now come as a surprise that the court now includes those increases in generating a new guideline sentence. *Cf. United States v. Wagner,* 994

F.2d 1467, 1475 (10th Cir.1993) ("The court has obligation to correctly apply the Guidelines to the facts as it finds them, ..."). Determining how the guidelines apply absent the invalid counts does not carry the potential for speculation or abuse.

### C. *Vindictive Prosecution*

 Though the government initially raised the resentencing issue, it did not do so vindictively. The doctrine of vindictive prosecution does not apply when "there has been no increase in the severity of the charge or the sentence imposed." *U.S. v. Kinsey,* 994 F.2d 699, 701 (9th Cir.1993). In addition, "vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of right, or because they would not have been taken but for the exercise of a defense right." *United States v. Gallegos–Curiel,* 681 F.2d 1164, 1168 (9th Cir.1982). "Rather the appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards defendant because he has exercised his specific legal rights." *Id.* at 1169.

Even with the two-level increases, defendants' sentences have decreased, not increased. Regardless of what action the court may take on resentencing, defendants have each successfully knocked months off their sentences. And, as a practical matter, the government has not acted vindictively; it has merely asserted an application of the guidelines with which this court agrees.

### D. *Imposition Versus Execution of Sentence*

 Finally, defendant Beltran complains the Bureau of Prisons has shorted him approximately a month of credit for time served. This is not a proper section 2255 claim because it challenges the Attorney General's execution of sentence and not the district court's imposition of sentence. *United States v. Espinoza,* 866 F.2d 1067, 1070–71 (9th Cir.1988) (rejecting a "credit for time served" claim brought under Section 2255).

**3.** It is doubtful whether *Chandler* 's double jeopardy analysis has survived in any event. *See*

*United States v. Cochran,* 883 F.2d 1012, 1016 n. 6 (11th Cir.1989).

IT IS THEREFORE ORDERED that defendants' motion to bar resentencing be, and the same hereby is, DENIED. Defendants shall appear on July 31, 1996 for resentencing consistent with this order. IT IS FURTHER ORDERED that defendant Beltran's request that his sentence include a provision that he shall be given certain credit for time served be, and the same hereby is, DENIED.