**UNITED STATES of America**

v.

**Jose Louis PECINA.**

**Nos. 4:91–CR–94–E, 4–96–CV–263–E.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Dec. 13, 1996.

Jose Louis Pecina, Texarkana, TX, pro se.

Richard Roper, Assistant U.S. Attorney, Fort Worth, TX, for U.S.

### ORDER

MAHON, District Judge.

Defendant Jose Louis Pecina has moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. For the following reasons, the Court grants the motion and schedules the case for resentencing.

## I. BACKGROUND

Pecina was convicted by a jury on four counts: (1) distribution of cocaine, (2) possession with intent to distribute cocaine, (3) conspiracy to commit the foregoing offenses, and (4) using and carrying a firearm in relation to a drug trafficking crime. In March 1992, the Court sentenced him to a term of imprisonment of 270 months, consisting of concurrent 210 month terms on each of the first three counts and a 60 month consecutive term on the fourth count. Pecina's convictions and sentence were affirmed on appeal.

In April 1996, Pecina filed this motion, raising three grounds for relief. First he claimed his counsel had been ineffective both at trial and on appeal. Next he argued that his sentence had been improperly enhanced on the erroneous basis that he was an organizer or leader of the drug trafficking activities. Finally he asserted that his conviction under 18 U.S.C. § 924(c) for using and carrying a firearm was invalid in light of the Supreme Court's recent decision in *Bailey v. United States*, — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

The government responded that Pecina's first two grounds were meritless. While conceding he is entitled to relief from his firearm conviction under *Bailey*, the government argued he should be resentenced on the three remaining counts to reflect the Sentencing Guidelines' two point enhancement for possession of a firearm.

In reply, Pecina agrees that his first two claims are without merit and should be dismissed. He argues, however, that the Court cannot properly resentence him on the drug counts.

## II. *ANALYSIS*

Initially, the Court accepts Pecina's stipulation that his first two claims do not entitle him to habeas relief.

■ The Court concurs with the parties that Pecina's firearm conviction must be vacated. The § 924(c) charge against Pecina was based on a firearm that was discovered under a mattress in his residence, near one of several stashes of cocaine. Although this evidence was sufficient for a conviction under the law as it was interpreted at the time of Pecina's trial, *Bailey* establishes that storage of a firearm near drugs intended to be distributed, without more, does not constitute an offense under § 924(c). —— U.S. at ——, 116 S.Ct. at 508.

On the other hand, this same conduct would have supported an enhancement under Sentencing Guideline (U.S.S.G.) § 2D1.1(b)(1), which provides for increasing drug trafficking sentences by two levels if a firearm was possessed. *See United States v. Flucas*, 99 F.3d 177, 179 (5th Cir.1996) (sufficient connection between weapon and drug trafficking offense shown where weapon found in same location drugs are stored). At the time Pecina was sentenced, though, the enhancement could not be applied because where a defendant has been convicted under § 924(c), the Guidelines forbid what would essentially be double punishment for the same conduct. U.S.S.G. § 2K2.4, Application Note 2.[1] Pecina's presentence report ac-

knowledged this limitation, listing the possible enhancement under § 2D1.1(b)(1), but noting that it could not be applied due to his conviction under § 924(c).

As the government does not dispute that *Bailey* should be applied retroactively to vacate Pecina's conviction and sentence under § 924(c), the only issue to be determined is whether the Court may resentence him on the remaining counts so as to include the firearm enhancement. Pecina argues that the Court has no jurisdiction to do so and that resentencing would violate his due process rights.

■ To date, no appeals court has addressed the specific situation involved here. District courts confronting the question have divided in both their reasoning and outcomes. *Compare Woodhouse v. United States*, 934 F.Supp. 1008, 1011–15 (C.D.Ill. 1996) (after vacating § 924(c) count challenged in § 2255 motion, district court may resentence defendant on remaining counts, even where sentence on them has already been served); *Merritt v. United States*, 930 F.Supp. 1109, 1111–15 (E.D.N.C.1996) (same); *Alton v. United States*, 928 F.Supp. 885, 887–88 (E.D.Mo.1996) (resentencing proper where § 2255 motion challenged drug conviction as well as firearm count); and *Mixon v. United States*, 926 F.Supp. 178, 180–82 (S.D.Ala.1966) (no jurisdiction for government to move for enhancement after firearm count vacated in § 2255 motion, but court has authority to resentence and is not barred by double jeopardy from applying firearm enhancement); with *Warner v. United States*, 926 F.Supp. 1387, 1391–98 (E.D.Ark.1996) (no jurisdiction to resentence and resentencing violative of double jeopardy and due process where defendant did not challenge drug convictions and had already served sentence on them prior to vacating of firearm count); *Beal v. United States*, 924 F.Supp. 913, 917 (D.Minn.1996) (no basis for modifying sentence for valid conviction after successful collateral attack on separate, invalid conviction). In analyzing the propriety of resentencing, the Court has found more

---

1. The Sentencing Guidelines provisions relating to enhancement for a firearm remain the same as

they were at the time Pecina was sentenced.

persuasive those cases concluding that the particular circumstances involved in vacating a § 924(c) conviction on collateral review justify resentencing on the remaining drug-related convictions.[2]

### A. *Jurisdiction*

Analysis of the resentencing question must begin with a consideration of the Court's jurisdiction to resentence a defendant when one of his convictions has been vacated on collateral review. Following the reasoning of *Warner* almost verbatim, Pecina argues that § 2255 creates jurisdiction only for prisoners to seek relief from their convictions and sentences. Thus, he contends, that statute is not a basis to resentence at the government's instance, nor to adjust a sentence upward in any event. Moreover, according to Pecina, resentencing under § 2255 cannot reach any part of a defendant's convictions or sentence not directly attacked by the motion. Although Pecina's § 2255 motion originally challenged each of his convictions and his overall sentence, he points out that he has now agreed he is not entitled to relief on his first two claims; since only his § 924(c) count is still in issue, the Court should not be able to reopen his drug-related sentences.

The Court cannot agree. By its terms, § 2255 is not so narrow as Pecina suggests. It provides that:

If the court finds that the judgment was rendered without jurisdiction or that the sentence imposed was not authorized by law or otherwise open to collateral attack ... the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new

trial or correct the sentence as may appear appropriate.

Thus the statute recognizes that granting a prisoner relief may necessitate an adjustment in his sentence. The statute does not clearly limit a court's authority to make such adjustment to the part of the sentence attributable to the specific count(s) under attack. Rather, it appears that once a court is required to vacate a judgment, due to the impropriety of any of its components, the court has jurisdiction to take whatever steps are necessary, including resentencing, to craft a new, appropriate judgment.[3] *See Chandler v. United States*, 468 F.2d 834 (5th Cir.1972) (holding that resentencing on count not challenged in § 2255 motion violates double jeopardy, but silent as to district court's lack of jurisdiction to do so).[4]

Without addressing the issue of jurisdiction, one appellate court has approved a district court's resentencing of the defendant in circumstances similar to those here. *United States v. Silvers*, 90 F.3d 95 (4th Cir.1996). In *Silvers*, the defendant was convicted on multiple counts, including supervising a continuing criminal enterprise ("CCE") and conspiracy to possess with intent to distribute cocaine. The district court sentenced him on the CCE charge but vacated the conspiracy count because it was a lesser included offense of the CCE conviction. Some years later, the defendant filed a § 2255 motion seeking to have the CCE conviction vacated. The district court granted the motion, but then *sua sponte* reinstated and resentenced defendant on the conspiracy conviction since it no longer merged into the CCE offense. The appeals court held that the district court had acted properly in this regard.[5] *Id.* at

---

**2.** Because Pecina still has time to serve on the portion of his sentence attributable to his drug trafficking convictions, the Court need not address the situation where such time has been completed prior to the vacation of a § 924(c) count, a situation in which the constitutionality of resentencing would be far more questionable.

**3.** It may be that a court could not properly exercise this apparently broad jurisdiction in some situations, for example where counts and sentences not challenged in a § 2255 motion bear no relationship to the count or sentence on which relief is granted. Because Pecina's convictions and associated sentences are inextricably

related, the Court need not determine where the perimeter of proper action lies.

**4.** Although at first glance *Chandler's* holding would appear to support Pecina, it is distinguishable for several reasons, discussed in the "Due Process/Double Jeopardy" section below.

**5.** The district court also resentenced the defendant on several other counts, the sentences for which he had already completed serving. The appeals court found this part of the resentencing improper, not for lack of jurisdiction, but because increasing the sentences after they had

101. In a case on a related issue, the Supreme Court also noted its approval of the district court's action in *Silvers. Rutledge v. United States,* —— U.S. ——, ——, 116 S.Ct. 1241, 1250, 134 L.Ed.2d 419 (1996). Since a lack of jurisdiction cannot be waived, the appeals court (and the Supreme Court) implicitly found the district court had jurisdiction to resentence the defendant, even on a count not challenged in his § 2255 motion.

■ In this case, Pecina's § 2255 motion placed the entirety of his convictions and sentence before the Court, and the government responded to each of his claims. Pecina's subsequent strategic decision to admit the invalidity of his first two claims does not deprive the Court of the jurisdiction he earlier invoked, which included review of the challenged counts.

■ Moreover, even if Pecina had not directly attacked his drug trafficking convictions and sentences, the vacating of his § 924(c) count would have opened those sentences to question because of the interrelated nature of the sentences involved. The Sentencing Guidelines generally ensure that sentences on multi-count convictions are integrated into a total package rather than being determined independently. The firearm enhancement of § 2D1.1(b)(1), in particular, is entirely interdependent with the sentence on a parallel § 924(c) conviction. That is, absent a § 924(c) conviction, § 2D1.1(b)(1) requires a two level sentence increase if a firearm was present during a drug trafficking offense unless it is clearly improbable the weapon was connected with the offense. U.S.S.G. § 2D1.1, Application Note 3. If the defendant is convicted under § 924(c), however, he must be given the statutory sentence and the § 2D1.1(b)(1) enhancement cannot be applied. As a result, invalidation of a § 924(c) conviction necessarily implicates the correctness of related drug convictions to which the enhancement previously could not be added. This situation is parallel to that in *Silvers,* where sentences for CCE and conspiracy convictions could not be imposed si-

multaneously, but once the CCE conviction was vacated, reinstatement of and sentencing on the conspiracy conviction logically followed.

■ The Court concludes that at least where a § 2255 motion results in the vacation of a § 924(c) conviction, jurisdiction exists to permit application of the § 2D1.1(b)(1) enhancement to the related drug trafficking sentences. *See United States v. Aespuro,* 938 F.Supp. 623 (E.D.Cal.1996); *Woodhouse,* 934 F.Supp. at 1011–14. *Cf. McClain v. United States,* 676 F.2d 915, 917 (2d Cir.), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982) (where § 2255 motion resulted in appellate court vacating § 924(c) sentence, on remand district court could resentence defendant upward on unchallenged, underlying robbery count; appeals court's authority to vacate entire sentence so as to permit resentencing on remaining count stemmed from 28 U.S.C. § 2106[6]).

### B. *Due Process/Double Jeopardy*

■ Pecina asserts that the Due Process Clause places temporal limits on courts' power to correct invalid sentences where such correction would result in an increased term. While there are some situations in which due process might prevent the upward correction of even an invalid sentence, such circumstances are not present in this case.

It is important to note, first, that Pecina expressly concedes resentencing him to apply the firearm enhancement would not violate the Double Jeopardy Clause. Perhaps as a result, he does not contend that *Chandler* bars resentencing here. The Court nevertheless finds a comparison of *Chandler* instructive. In *Chandler,* the Fifth Circuit held that where, in a § 2255 motion, a defendant attacked the sentence on only one of her two convictions, and succeeded in reducing that sentence, the district court's upward adjustment of the unchallenged valid sentence violated the Double Jeopardy Clause. 468 F.2d at 835–37. The *Chandler* court was

been fully served violated the Double Jeopardy Clause. *Id.* at 101.

**6.** Section 2106 states that an appellate court "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review."

concerned with a situation where the reduction of one portion of the defendant's sentence was used by the district court as an opportunity to reopen and increase an independent portion of the sentence that was neither challenged by the petitioner nor incorrect under the law. Although the government argued that the district court was simply attempting to make an adjustment to reflect its original intent regarding the total sentence to be imposed, the Fifth Circuit found such intent too elusive to justify discretionary tampering with a valid sentence. *Id.* at 836–37.

■ *Chandler's* holding is distinguishable on its facts. Unlike in *Chandler,* here Pecina's "unchallenged" drug sentences, although valid when given, will no longer be truly correct once his § 924(c) count is vacated. The Sentencing Guidelines are intended to provide uniformity in sentencing. Absent the § 924(c) count, the firearm enhancement would have been included originally; to return Pecina's drug sentences to compliance with the Guidelines, resentencing to include the enhancement is necessary. Moreover, resentencing under these circumstances does not implicate *Chandler's* concern with the unfettered reopening of valid portions of a defendant's sentence in an attempt to reconstruct the trial court's unexpressed intentions. In calculating Pecina's Guidelines offense level, his presentence report listed § 2D1.1(b)(1) but noted that the two level enhancement could not be added due to his conviction under § 924(c). Resentencing him solely on the basis of § 2D1.1(b)(1) accords with the express terms of his presentence report and will not require an exploration of vague, unwritten intentions. *See Aespuro,* 938 F.Supp. at 627.

Caselaw subsequent to *Chandler* limits its holding. In *United States v. DiFrancesco,* the Supreme Court noted that a sentence does not have the same qualities of constitutional finality as an acquittal, and that "the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." 449 U.S. 117, 134, 137, 101 S.Ct. 426, 436, 438, 66 L.Ed.2d 328 (1980). *DiFrancesco* found that a defendant could have no expectation of

finality, and that there was no double jeopardy violation, where a statute expressly permitted the government to appeal a sentence and such an appeal resulted in imposition of a harsher sentence. *Id.* at 138–39, 101 S.Ct. at 438–39. After *DiFrancesco,* courts considering the validity of sentences increased on collateral review have held that the question of double jeopardy turns on whether the defendant had a legitimate expectation of finality in his sentence; where by statute or the defendant's own actions his sentence is made subject to review and revision, there can be no expectation of finality. *See, e.g., Silvers,* 90 F.3d at 101 (legitimate expectation of finality where defendant had completed serving sentence); *United States v. Cochran,* 883 F.2d 1012, 1016–17 (11th Cir.1989) (no expectation of finality where defendant moved to vacate all his sentences under Fed. R.Crim.P. 35(a)); *United States v. Crawford,* 769 F.2d 253, 257–58 (5th Cir.1985), *cert. denied,* 474 U.S. 1103, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986) (no expectation of finality where Fed.R.Crim.P. 35(a) permitted correction of illegal sentence).

Pecina's "due process" challenge to resentencing is in effect no different than one under the Double Jeopardy Clause. He urges that at some unspecified point, but at the latest when his direct appeal concluded, he had an expectation that his sentence was final. Pecina ignores that his § 2255 motion challenged all his convictions and sentences, thus undermining any finality they might have had. Further, because of the link between his § 924(c) conviction and an enhancement under § 2D1.1(b)(1), explicitly discussed in his presentencing report, he could have predicted that vacating the former would open the possible application of the latter. *See Silvers,* 90 F.3d at 100 (defendant who collaterally attacked CCE conviction could not have expectation of finality in earlier vacating of conspiracy conviction, considering vacating was due to interdependent nature of those two charges).

■ Where defendants have successfully challenged their § 924(c) convictions on direct appeal under *Bailey,* courts have held that resentencing is appropriate to determine the applicability of § 2D1.1(b)(1). *United*

*States v. Bermudez,* 82 F.3d 548, 550 (2d Cir.1996); *United States v. Lang,* 81 F.3d 955, 963–64 (10th Cir.1996); *United States v. Fennell,* 77 F.3d 510, 510–11 (D.C.Cir.1996) (per curiam); *United States v. Roulette,* 75 F.3d 418, 426 (8th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 147, 136 L.Ed.2d 93 (1996). Had *Bailey* been entered before Pecina's direct appeal was final, he almost certainly could have been resentenced after remand to take the enhancement into account. The fortuitous circumstance that *Bailey* was not decided until after Pecina's appeal was final, such that he instead had to raise the issue in a collateral attack, should not alter the double jeopardy and due process analysis in his favor. To the contrary, since the *Bailey* issue could not have been addressed at the time of Pecina's appeal, the government's failure to do so cannot have contributed to any expectations of finality with regard to that issue. "The Supreme Court has expressly rejected the notion that an expectation of finality accrues in all cases at a fixed point in time...." *Silvers,* 90 F.3d at 99 (citing *DiFrancesco,* 449 U.S. at 137, 101 S.Ct. at 437). Inasmuch as Pecina's § 2255 motion negated any expectation of finality in his sentence he might otherwise have had, his due process/double jeopardy objection to resentencing must be rejected.[7]

### III. CONCLUSION

Based on the foregoing, the Court ORDERS that Pecina's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is GRANTED IN PART and DENIED IN PART as follows. Pecina is entitled to no relief on his first two claims. The original judgment is set aside, Pecina's conviction and sentence under 18 U.S.C. § 924(c) are vacated, and Pecina shall be resentenced on his remaining convictions solely with respect to application of U.S.S.G. § 2D1.1(b)(1).

It is further ORDERED that a resentencing hearing shall be held at 2:00 p.m. on

---

7. Due process is violated where vindictiveness against the defendant for having successfully challenged his conviction or sentence plays a part in resentencing. *See North Carolina v. Pearce,* 395 U.S. 711, 725–26, 89 S.Ct. 2072, 2080–81, 23 L.Ed.2d 656 (1969). Pecina has not

January 23, 1997. For purposes of resentencing and any preparation to be made therefor, the Court appoints the Federal Public Defender's Office to represent Pecina. The U.S. Marshal's Office shall make arrangements to transport Pecina from his present place of confinement to the Fort Worth area by January 9, 1997, so that he may meet with counsel prior to the hearing. The presentence report previously prepared in the case shall be applicable, with the exception that Paragraph 17 shall be amended to add two levels under § 2D1.1(b)(1). Any new objections to the presentence report shall be submitted on or before January 17, 1997.

alleged that vindictiveness has any bearing in this case, though, and at this time the Court has no reason to conclude this aspect of due process would be violated as a result of Pecina's resentencing.