Alan NOHARA, Petitioner,

v.

UNITED STATES, Respondent.

Criminal No. 92–00327 ACK.
Civil No. 96–00773 ACK.

United States District Court,
D. Hawai'i.

Jan. 24, 1997.

---

Dennis W. Jung, Honolulu, HI, for Defendant.

Alan Nohara, Florence, CO, pro se.

J. Michael Seabright, Assistant, U.S. Attys. Office, Honolulu, HI, for U.S.

## ORDER VACATING COUNT 3 AND TO RESENTENCE PETITIONER ON COUNTS 1 AND 2

KAY, Chief Judge.

### BACKGROUND

On May 12, 1992, Petitioner was convicted by a jury of three counts: (1) distribution of methamphetamine; (2) possession with intent to distribute in excess of 10 grams of methamphetamine; and (3) use/carrying of a firearm in relation to a drug trafficking crime. Petitioner was sentenced on all three counts.

In 1995, the United States Supreme Court decided *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), where the Court clarified the definition of use/carrying in Count 3 of Petitioner's conviction.

Relying on *Bailey,* Petitioner filed a 28 U.S.C. § 2255 motion on September 4, 1996 to vacate and set aside the conviction and sentence of Count 3. In response, on October 2, 1996, the government filed a motion to resentence on Counts 1 and 2. On October 7, 1996, this Court filed an order to have Petitioner appear before the Magistrate to determine whether counsel should be appointed. In response to the order, the Magistrate set a November 14, 1996 hearing.

On October 15, 1996, Petitioner filed a motion in opposition to the government's motion to resentence. On November 14, 1996, Magistrate Yamashita appointed Dennis Jung as Petitioner's counsel. On January 14, 1997, the Court held a hearing.

### DISCUSSION

The Court finds, and the parties agree, that Count 3 must be vacated under the Supreme Court's ruling in *Bailey.* Accordingly, the Court hereby vacates Count 3. What the parties did not agree upon, however, was whether the Court has the power to resentence the Defendant on Counts 1 and 2. For the reasons stated below, the Court finds that it has the power to resentence Petitioner on Counts 1 and 2.

## I. *The Court has the Power to resentence Nohara*

■ It is now well established that a district court, on remand, may resentence a criminal defendant when the defendant's sentence has been vacated under *Bailey.* See *United States* v. *Lopez,* 100 F.3d 98 (9th Cir.1996); *United States v. Thomas,* 93 F.3d 479, 488 (8th Cir.1996); *United States v. Clements,* 86 F.3d 599, 600–01 (6th Cir.1996); *United States v. Lang,* 81 F.3d 955, 963 (10th Cir.1996); *United States v. Fennell,* 77 F.3d 510, 510–11 (D.C.Cir.1996); *United States v. Giraldo,* 80 F.3d 667, 677 (2nd Cir.1996); *United States v. Jackson,* 103 F.3d 561 (7th Cir.1996); *United States v. Sedgwick,* 86 F.3d 1153 (unpublished) (4th Cir.1996).

■ The only distinction with this case is that it comes before the Court on a § 2255 habeas corpus (" § 2255") petition. Like the majority of district courts around the country, the Court finds this to be a distinction without a difference. *Accord United States v. Aespuro,* 938 F.Supp. 623 (E.D.Ca.1996); *Reyes v. United States,* 944 F.Supp. 260 (S.D.N.Y.1996); *United States v. Tolson,* 935 F.Supp. 17 (D.C.1996); *Alicea v. United States,* 931 F.Supp. 111 (D.P.R.1996); *United States v. Mata,* 1996 WL 658435 (S.D.N.Y. 1996); *Mayes v. United States,* 937 F.Supp. 659 (E.D.Mich.1996); *Garcia v. United States,* 1996 WL 684221 (S.D.N.Y.1996); *Woodhouse v. United States,* 934 F.Supp. 1008 (C.D.Ill.1996); *United States v. MacCready,* 1996 WL 679997 (N.D.Ill.1996); *Mixon v. United States,* 926 F.Supp. 178 (S.D.Ala.1996); *United States v. Rowland,* 1996 WL 524090 (E.D.Pa.1996); *Thayer v. United States,* 937 F.Supp. 662, 664–5 (E.D.Mich.1996); *United States v. Davis,* 1996 WL 466940 (E.D.Pa.1996); *Merritt v.* *United States,* 930 F.Supp. 1109, 1112–1114 (E.D.N.C.1996); *Pedretti v. United States,* 1996 WL 340769 (N.D.N.Y.1996).

■ The cases that have found the distinction between a direct appeal and a § 2255 motion significant ruled that § 2255 does not confer jurisdiction to a court over counts not challenged by the criminal defendant. *See United States v. Handa,* CV 96–00185 HG, slip. op. at pg. 3.;[1] *United States v. Forrest,* 934 F.Supp. 731, 735–36 (E.D.Va.1996); *Rodriguez v. United States,* 933 F.Supp. 279, 283–84 (S.D.N.Y.1996); *Dossett v. United States,* 931 F.Supp. 686, 687–88 (D.S.D.1996); *Warner v. United States,* 926 F.Supp. 1387, 1391–98 (E.D.Ark.1996); *Gardiner v. United States,* 1996 WL 224798 (D.Minn.1996). The Court concurs with these courts so far as they hold that only a criminal defendant can invoke § 2255. The Court also questions whether a district court could resentence on counts wholly unrelated to the challenged count. Yet, that is not what this Court is asked to do.

■ Here, the Court is asked to address interdependent sentences. *See e.g. Reyes v. United States,* 944 F.Supp. 260, 262 (S.D.N.Y.1996) ("a sentence under § 924(c)(1) and a sentence for the underlying substantive offense are 'truly interdependent' and create what is, in essence, a 'sentencing package' "). The sentences are interdependent because

the relationship between § 924(c) and § 2D1.1(b)(1) is an 'either/or' relationship at sentencing. If defendant is convicted of 'using' or carrying a firearm in furtherance of drug crime he must receive a five year consecutive sentence, but he cannot also have his base offense level enhanced pursuant to § 2D1.1(b)(1) because such en-

---

1. The Court decides not to follow the *Handa* decision although it comes out of the same district. In *Handa,* the Court relied on a line of cases—*Kennedy v. United States,* 330 F.2d 26 (9th Cir.1964); *United States v. Jordan,* 895 F.2d 512 (9th Cir.1989)—which found that a court could not resentence on remaining counts when a conviction on another count has been vacated under Fed.R.Crim.P. § 35. This line of cases, however, has not been applied to a situations where the remaining portion of the sentence standing alone initially would have been invalid or where the Court would replace one erroneous sentence with another erroneous sentence. *United States* *v. Contreras–Subias,* 13 F.3d 1341, 1344 (9th Cir.1994) ("The *Kennedy–Jordan* line of cases is factually inapposite to the present case, because those cases contemplate situations in which a sentence was composed of legal and illegal 'portions,' so that the illegal part could be cleanly 'lopped off.' "); *see also United States v. Aespuro,* 938 F.Supp. 623, 626 (1996). In this case, vacating the § 924(c) conviction will leave only the drug convictions with no consideration of Petitioner's possession of a firearm. This may not be an "illegal" sentence but it is so erroneous as to merit falling within the *Contreras–Subias* exception to the *Kennedy–Jordan* line of cases.

hancement would violate the Double Jeopardy Clause of the United States Constitution. However, a defendant who is not convicted of a violation of § 924(c) may receive an enhancement of his base offense level for possession of a firearm in connection with a drug offense. *United States v. Aespuro,* 938 F.Supp. 623, 625 (E.D.Ca.1996) (citations omitted). In light of this interdependence, the Court finds that when Petitioner challenged his sentence under § 924(c) in the § 2255 motion, he also brought before the Court his underlying drug crimes. To rule otherwise would disregard the sentencing scheme created by § 924 and § 2D1.1(b)(1). It would also result in the Petitioner avoiding punishment for "the enhanced danger posed when a defendant possesses a loaded firearm while engaged in drug trafficking." *United States v. Lopez,* 100 F.3d 98 (9th Cir.1996). Accordingly, given the interdependence of § 924(c) and Petitioner's underlying drug offenses, the Court finds that Petitioner's § 2255 motion confers jurisdiction on the Court to review them both. In so holding, the Court accounts for:(1) the sentencing scheme created by § 924(c) and § 2D1.1(b)(1); (2) the need for uniformity in sentencing;[2] (3) the fact that Petitioner possessed a gun when arrested; and (4) the great majority of the district courts that have ruled as much.[3]

---

**2.** To not resentence would result in a lower sentence for the Petitioner than other perpetrators who used a gun in the commission of a drug offense, and thus received the enhancement under § 2D1.1(b)(1).

**3.** The Court likewise rejects Petitioner's Double Jeopardy claims. The case Petitioner relies upon, *Warner v. United States,* 926 F.Supp. 1387 (E.D.Ark.1996), involved a petitioner whose sentence for the drug offense had already been served. 926 F.Supp. at 1392 ("[s]imply put, the Court concludes that it may not impose an additional penalty for those violations **after the original sentence imposed thereon has been fully served.**") In this case, however, Petitioner is still serving his original sentence. See Petitioner's Motion in Opposition to Government's Motion to Resentence Petitioner, pg. 6. ("petitioner has served 52 months on the 66 months he must serve on counts 1 and 2.")

Moreover, the Double Jeopardy Clause does not apply to this case "because the defendant could acquire no expectation of finality in an illegal sentence" like his original sentence. *United States v. Kinsey,* 994 F.2d 699, 702 (9th Cir.

Upon its review of the case,[4] therefore, the Court finds that a resentence is appropriate.[5]

## CONCLUSION

For the foregoing reasons, the Court vacates Petitioner's conviction under Count 3, and the Court finds it has jurisdiction to resentence Petitioner on Count 1 and 2 of the indictment. Therefore, the Court will resentence Petitioner under Counts 2 and 3.

IT IS SO ORDERED.

---

1993) (finding no double jeopardy violation when sentence was increased on post-appeal motion).

Finally, Petitioner's new sentence does not exceed his original sentence and when defendant was sentenced he knew or should have known that two level enhancement based on possession would have been applied but for the existence of his 924(c) conviction. *See e.g. United States v. Tolson,* 935 F.Supp. 17 (D.C.1996)

**4.** Pursuant to Fed.R.Civ.P. § 63, the Court hereby *certifies his familiarity with the relevant* portions of the record and determines that the proceedings in this case, including resentencing under Counts 1 and 2, may be completed without prejudice to the parties.

**5.** The Court notes that it could have denied Petitioner's motion to vacate his sentence under 924(c), which Petitioner would have certainly appealed. On appeal, the Ninth Circuit could have (and probably would have) reversed and remanded. On remand, the Court would clearly have had the jurisdiction to resentence Petitioner on Counts 1 and 2. *United States v. Lopez,* 100 F.3d 98 (9th Cir.1996).