**UNITED STATES of America, Appellee,**

v.

**Sean M. FENNELL, Appellant.**

No. 93–3064.

United States Court of Appeals, District of Columbia Circuit.

March 4, 1996.

Before: WALD, SILBERMAN and TATEL, Circuit Judges.

### *ORDER*

PER CURIAM.

In an opinion filed May 5, 1995, we affirmed Fennell's conviction under 18 U.S.C. § 924(c). After he petitioned for rehearing, we deferred our decision pending the Supreme Court's disposition of *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In light of *Bailey*, we granted the petition and requested further briefing.

The Government agrees that *Bailey* requires reversal of Fennell's § 924(c) conviction, but requests that we remand for resentencing on his drug conviction, arguing that without the § 924(c) conviction, he should receive a 2–level upward adjustment under U.S.S.G. § 2D1.1(b)(1). Fennell argues that the Government has waived its right to resentencing by not filing a "conditional cross-appeal"—that is, a timely appeal asserting that if the court were to reverse the § 924(c) conviction, the court should remand for resentencing on the drug count. We disagree. Requiring the Government to file a preemptive cross-appeal in this sort of case "would burden appellees (and courts) with no appreciable benefit to appellate practice." *United States v. Bohn*, 959 F.2d 389, 394 (2d Cir. 1992). Accordingly, it is hereby

**ORDERED** that appellant's conviction under 18 U.S.C. § 924(c) be reversed; and it is further

**ORDERED** that this case be remanded to the district court for resentencing.