**UNITED STATES of America, Appellee**

v.

**Patrick C. DAVID, Appellant.**

No. 94–3136.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 9, 1996.

Decided Oct. 8, 1996.

**1478**

Before: WALD, SILBERMAN and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SILBERMAN.

SILBERMAN, Circuit Judge:

We reject Patrick David's challenge to his conviction for drug possession which he makes on the ground that the trial court improperly admitted paging company records which contained hearsay. We decline to reach appellant's *Lopez* argument as to the constitutionality of the "felon in possession statute" because appellant did not raise the issue below. But we do grant appellant's uncontested request to vacate his 18 U.S.C. § 924(c)(1) conviction in light of the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and we remand to the trial court for resentencing.

## I.

A jury found appellant Patrick David guilty, *inter alia,*[1] of possessing more than 50 grams of cocaine base with intent to distribute under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (1994); using and carrying a firearm during and in relation to the drug possession charge in violation of 18 U.S.C. § 924(c)(1) (1988 & Supp.1992); and possessing, as a convicted felon, a firearm that had been possessed, shipped, and transported in and affecting interstate and foreign commerce under 18 U.S.C. § 922(g)(1) (1994).

David's defense was that he was only an innocent bystander in the apartment at 325 Anacostia Road (Apt. J24) in which the drugs and weapons were found. The police located crack cocaine in the air conditioning vent in the furnished bedroom and a scale on the dresser. In the kitchen they discovered two scales, crack cocaine hidden in the stove, a loaded .25 caliber handgun, and gun ammunition. And in the furnace room they found a brown paper bag of crack cocaine and a total of 191 ziplock bags also containing over 400 grams of crack cocaine.

Neil H. Jaffee, Assistant Federal Public Defender, argued the cause for appellant. A.J. Kramer, Federal Public Defender, Washington, DC, was on the briefs for appellant.

Colleen Covell, Assistant United States Attorney, argued the cause for appellee, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher and Roy W. McLeese, III, Assistant United States Attorneys, Washington, DC, were on the brief.

1. The jury also found David guilty of unlawful possession of an unregistered handgun under D.C.Code § 6–2311(a) (1981 & Supp.1994) and possession of ammunition without being the holder of a valid firearm registration certificate under D.C.Code § 6–2361(3) (1981).

The officers discovered David hiding in the closet of an unfurnished bedroom. His clothes were found in a second, furnished bedroom, which also contained cash in the amount of $1,177 and several items of personal identification. His name was on two driver's licenses and an ATM card, and his picture appeared on two other forms of identification, although they bore different names. And, on the counter was a bill for pager services from Metro Media Paging Services addressed to appellant at the apartment's address. No one else was in the apartment other than David.

Several witnesses testified that David was the sole occupant of the apartment. Damian Prince, who had known David for seven years, testified that David lived alone at Apt. J24 at 325 Anacostia Road—where Prince had visited him several times—and that he had never seen anyone else in the apartment. Leatha Ferguson also testified that David lived there alone. Her grandmother had originally leased the apartment and Ferguson herself lived there for some time. She permitted David to move into the apartment in 1989 because he did not have another place. David, according to her, purchased the furniture in the bedroom and when she moved out of the apartment in February of 1992, she allowed David to continue living there. She kept the lease in her grandmother's name and the telephone in her name as a favor to David. She testified that to her knowledge, David was the only individual who lived in the apartment, and she did not make a copy of the apartment key for anyone but David. In short, the evidence that David occupied the apartment was overwhelming.

The "hearsay" controversy stems from the testimony of Shawn Brashears, the custodian of records for Metro Media Paging Services, who testified that David opened an account for a pager in 1988. David listed his address as 410 37th Place, S.E., Apt. 101 in Washington, D.C. But, according to Brashears, an individual claiming to be Patrick David signed a work ticket on April 23, 1990, and received a new pager because his prior pager was not working. At that time, the address on the account was changed to 325 Anacostia Road, Apt. J24, which coincided with Ferguson's testimony as to when David moved into the apartment. Brashears explained the company's billing practices to the jury and identified several bills sent to Patrick David at 325 Anacostia Road, Apt. J24. She also identified two invoice summaries that did not contain an address but that indicated that the bills to Patrick David had been paid through July 1993, the date police searched the Anacostia Road apartment and arrested David.

## II.

■ David asks us to reverse his conviction on the drug possession charge and order a new trial because, he contends, the district court erroneously admitted hearsay, contained in the records of the paging company, to prove that he resided in the apartment at 325 Anacostia Road. The threshold issue, which the government raises, is whether appellant properly preserved this argument for appeal or whether it can only be reviewed under the plain error standard. After the government initially placed Brashears on the witness stand and she identified the government's exhibits relating to the pager company—which included the initial statement to open an account for Patrick David, the work ticket for the new pager which listed the change of address to Anacostia Road, several bills sent to Patrick David, and two invoice summaries that indicated the bills had been paid—defense counsel objected to the admission of the documents and asked to approach the bench. No substantive discussion regarding the documents had yet occurred and defense counsel did not state his grounds for the objection at that time. The trial judge told defense counsel that he did not "have to approach at this time. I will just permit you to cross-examine before I rule on the motion."

Immediately following Brashears' testimony about the bills sent to Anacostia Road, the subsequent payments, and the outstanding balance on the pager account, defense counsel again stated that he wanted to raise an objection, although no question was pending and no exhibit was being offered. This time, defense counsel approached the bench and the following colloquy took place:

The Court: Actually, there's nothing pending. So I don't know what you are objecting to. But what is the nature of your objection?

Defense Counsel: Your Honor, [the Government], I think, is trying to attempt to show that my client lived at 325 Anacostia Road, J24.

The Court: No, she isn't. What she's trying to prove is that someone named Patrick David had a contract with this company for a beeper and that these are the things that this Patrick David said, this is where he said to bill him, this is where he was living. That's what she's trying to prove.

Defense Counsel: All right. Let me just say two things. First of all, this business about the bill that was paid, how much was the balance that was overdue and all that, I don't think that's relevant to the case, number one.

Number two, [the Government] did not make an argument that [it's] trying to establish a link between a beeper and my client. The only thing I think—*the only purpose of this testimony is to show that he lived at that apartment, your Honor.*

(Emphasis added.) Defense counsel did not specify to which question or answer he was objecting, nor did he point to the specific documentary evidence with which he took issue. Despite the large number of exhibits being discussed—eight separate documents, each containing different information, some with and some without a mailing address—and the wide range of questioning, defense counsel failed to specify the nature of his objection or relate it to a particular piece of evidence. The next day, when the government moved all of its exhibits into evidence at the close of its case, defense counsel made only the following objection:

Defense Counsel: Your Honor, the only objection that we have to . . . the beeper records, would be the best evidence, which would be the copies of the documents themselves instead of the xeroxes.

In closing argument, the government referred to this evidence as follows:

First of all, you heard evidence from Ms. Shawn Brashears. Remember, she's from Metro Media Paging who indicated that back in 1988 there was a person named Patrick David who made an application, who showed identification and gave the address as 410 37th Place, Southeast, Apartment 101 for billing of that beeper record. But *somehow* in 1990 that address got changed to 325 Anacostia Road, Southeast, Apartment J24, and *every* [sic] *since 1990, the bills have been paid.*

(Emphasis added.)

The Federal Rules of Evidence require that an objection to evidence state "the specific ground of objection, if the specific ground was not apparent from the context." FED.R.EVID. 103(a)(1). The Rules, therefore, do not require a pinpoint citation to a provision of the Rules or relevant precedent for every objection; what they do require is enough specificity to alert the district court and opposing counsel to the basis for the objection. David argues that his counsel satisfied this standard and relies on *United States v. Boyd,* 55 F.3d 667 (D.C.Cir.1995), for support. In *Boyd,* we reviewed the trial court's admission of expert testimony for abuse of discretion and not for plain error because "[d]efense counsel's objection ideally could have been more specific, but we think that the circumstances of [the witness's] testimony left little doubt that Rule 704(b) was the basis for the objection." *Id.* at 671 n. 3 (defense counsel continually objected to questions asking the witness to give his opinion regarding the intent of an individual described in a hypothetical).

Appellant contends that it was similarly rather obvious that his counsel was objecting to the paging company records, bills, and invoice summaries, because the government was introducing that evidence to show that David had *told* the paging company—at least in April of 1990—that he lived at 325 Anacostia Road, Apt. J24. As such, this evidence is hearsay submitted to prove the truth of the matter asserted, *i.e.,* that David lived at that address. *See United States v. Patrick,* 959 F.2d 991, 999 (D.C.Cir.1992).

First we ask, was it obvious that the government offered the paging company records, some of which recorded David's out-of-

court statement that he lived at 325 Anacostia Road, in order to prove the truth of that statement, and that defense counsel was objecting to this evidence on the ground that it was inadmissible hearsay? We think not. Counsel objected because the government was attempting to show "that my client lived at 325 Anacostia Road." Just so; but that does not even necessarily imply hearsay. Certainly the bill found in the apartment with appellant's name on it, just as any other item with appellant's name—like a shirt for instance—would be admissible as *circumstantial evidence* tending to show that appellant occupied the apartment. That the bills sent to appellant at the apartment were paid is also circumstantial evidence tending to show that it is more likely than not that David paid them and therefore lived in the apartment—which is exactly how the government used that evidence in closing argument.

In *United States v. Marino*, 658 F.2d 1120 (6th Cir.1981), for example, the court affirmed convictions for drug law violations involving the shipment of cocaine from Peru to a Michigan home. The court admitted evidence comparable to the pager records— airline tickets, directions to the Michigan home, receipts from a Peruvian hotel, and a piece of paper with the name and telephone number of the owner of the Michigan home— because the evidence "was not admitted to prove the truth of the matters contained therein, but was admitted to show the circumstantial relationship of the parties to the scene, the contraband or other parties." *Id.* at 1124.

In the same vein, in *United States v. Lieberman*, 637 F.2d 95, 100–01 (2d Cir.1980), a hotel registration card bearing an individual's name and address was held inadmissible to prove that the individual stayed at the hotel. But it was admissible to show that someone using the name on the receipt had registered at the hotel—a subtle distinction to be sure, but one that hinges on the use to which the evidence is put. *See Patrick,* 959 F.2d at 1000 & nn.12–13. We discussed this very point in *United States v. Watkins,* 519 F.2d 294, 296 (D.C.Cir.1975), in which the government argued for the first time on appeal that

rent receipts were introduced not for the truth of their contents, but as circumstantial evidence because they were found in the bedroom occupied by the appellant. We rejected the government's argument because of the actual use at trial of the receipts: the government said in its opening statement that the receipts would show who was paying for the apartment and who was living there. *Id.* at 296–97. We were careful to note, however, that the "out-of-court declarations ... may be admitted for a material purpose other than the verity of the assertions." *Id.* at 297; *see also United States v. Mazyak,* 650 F.2d 788, 792 (5th Cir.1981) (upholding the admission of a letter challenged as hearsay because it was not used to prove the truth of the contents therein, but rather as circumstantial proof that the appellants were associated with each other), *cert. denied,* 455 U.S. 922, 102 S.Ct. 1281, 71 L.Ed.2d 464 (1982); *United States v. Canieso,* 470 F.2d 1224, 1232 (2d Cir.1972) (describing a letter as non-hearsay because it was used merely as circumstantial proof that the parties were linked).

In short, some of the documentary evidence was clearly admissible non-hearsay circumstantial evidence to prove exactly the point to which counsel objected—that appellant lived in the apartment. That other records should be regarded as hearsay is not sufficient given counsel's impreciseness. This is a very intricate branch of the law of evidence, and counsel will often have to take extra care in explaining the basis of an objection that raises these subtle issues, in order sufficiently to alert the judge as to the nature of the evidentiary problem asserted. Otherwise, as here, we can review only for plain error, and if one thing is certain, no error was plain.[2]

Indeed, even if certain paging company records had been correctly identified as carrying the necessary implication that David had *told* a company employee that he lived at the apartment, they apparently were admissible and thus there was *no* error, plain or otherwise (we do not so hold because the issue was not joined below). Business rec-

---

**2.** Of course, even had there been error in this case, it would have been harmless.

ords, which are themselves hearsay, can, of course, be introduced if made in the ordinary course of events, but as *Patrick* held, they can be submitted to show a statement made to the person who compiled the record (hearsay within hearsay) only if the compiler verified the information the declarant offered. In *Patrick* we rejected the admission of a receipt even under the business records exception to the hearsay rule, *see* FED. R. EVID. 803(6), because the government introduced no evidence that the company that issued the receipt had verified the information provided by the customer. *See Patrick,* 959 F.2d at 1001–02 (citing the requirement in Rule 803(6) that the information provided be transmitted by a person with knowledge). Here, there is much more. There is no question that evidence that the company initially gave Patrick David a pager was properly admitted because of verification: the company required a form of photo identification. Later, an individual claiming to be Patrick David brought in the pager for a replacement and changed the billing address. Both times, the individual claiming to be Patrick David signed the company's forms, and the company employee, as well as the jury, could compare the two signatures. *Cf. United States v. Bell,* 833 F.2d 272, 276 (11th Cir.1987) (allowing into evidence a hotel registration card because the jury could compare the purported guest signature with appellant's driver's license, which was introduced in evidence, and determine that the registration had actually been made by appellant), *cert. denied,* 486 U.S. 1013, 108 S.Ct. 1747, 100 L.Ed.2d 210 (1988). Moreover, that the bills sent to the Anacostia Road address were paid continually through the time of David's arrest in July of 1993 serves as verification of hearsay as well as being independently admissible as circumstantial evidence. (The bill for July, 1993, which was not paid, was found in the Anacostia Road apartment when David was arrested.)

\* \* \* \* \* \*

David's two additional challenges can be resolved summarily. The government does not defend on appeal David's challenge to his conviction under 18 U.S.C. § 924(c)(1). David's conviction under § 924(c)(1)—predi-

cated on the police finding a gun in the kitchen stove—must be vacated in light of *Bailey v. United States,* — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Therefore, we remand to the district court for resentencing. *See United States v. Fennell,* 77 F.3d 510 (D.C.Cir.1996) (per curiam). We do not reach David's Commerce Clause challenge to his 18 U.S.C. § 922(g)(1) conviction because he failed to raise the claim in the lower court. *See, e.g., Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). There is no exception to the waiver bar because the claim is not jurisdictional, *see United States v. Baucum,* 80 F.3d 539, 540 (D.C.Cir.1996), and it is not excepted under the supervening decision doctrine because the viability of § 922(g)(1) under the Commerce Clause was not settled law at the time of trial. *See United States v. Baucum,* 66 F.3d 362, 364 (D.C.Cir.1995), *reh'g denied,* 80 F.3d 539 (D.C.Cir.1996).