107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Jimmy JOHNSON, Appellant.
 No. 92-3195.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 16, 1996.
 
 Before HENDERSON and RANDOLPH, Circuit Judges, and BUCKLEY, Senior Circuit Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal, having been briefed and argued, warrants only an abbreviated disposition pursuant to D.C.Cir.R. 36(b). The issues concern, among other things, the district court's failure to suppress evidence allegedly seized in violation of 18 U.S.C. § 3109, the "knock and announce" statute.
 
 
 2
 Metropolitan Police Officer Ramonz Height testified at the motions hearing that he and other officers executed a search warrant at Johnson's apartment on December 31, 1991, at 8:30 a.m. Johnson claims they waited an insufficient amount of time before forcibly entering his apartment. Officer Height testified that upon arrival, he knocked three times on Johnson's door, loudly announced that the officers had a search warrant, and requested entry. Not hearing any response, he once again knocked three times on the door. Still hearing nothing, Officer Height then ordered the battering ram team to open the door forcibly. He estimated that approximately nine to thirteen seconds elapsed from the time he initially knocked on the door to the moment he ordered forcible entry into the apartment.
 
 
 3
 The district court committed no error in concluding that the officers did not violate 18 U.S.C. § 3109, which provides that an "officer may break open any outer or inner door or window of a house ... to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance...." The officers knocked and announced their presence, waited, knocked again, and then forcibly entered the apartment. They waited in total for at least nine seconds. The exact number of seconds that they waited is not dispositive of the matter, for we do not use a "stopwatch approach" to evaluate compliance with § 3109. United States v. Bonner, 874 F.2d 822, 826 n. 6 (D.C.Cir.1989). Rather, we employ a "highly contextual analysis, examining all the circumstances of the case, to determine whether the record establishes the existence of a constructive refusal" to enter the apartment. Id. at 824. Here, the officers had information that drugs were being dealt out of the apartment. This factor is relevant, because drugs are susceptible to ready destruction and frequently accompany guns; "[i]n such a danger-fraught situation, the officers may quite reasonably infer refusal more readily than under other circumstances." Id. While the officers may not have known the exact dimensions of Johnson's apartment, they certainly could tell it was not a large house. It was reasonable for them to conclude that Johnson, if home, had heard their knocking and ignored it. They waited long enough for him at least to notify them that he was preparing to let them inside. Their delay in entering was "more than an instant," and, coupled with the probable presence of drugs inside the apartment, "the silence justified a reasonable officer to conclude that he was constructively refused admittance to the premises." United States v. Wood, 879 F.2d 927, 932-33 (D.C.Cir.1989). Given this context, nine to thirteen seconds was a reasonable time to wait before entering, and the district court did not err in so concluding.
 
 
 4
 The government concedes, correctly, that Johnson's convictions under both 18 U.S.C. § 922(k) and 18 U.S.C. § 924(c) must be reversed. As to the § 922(k) conviction, the district court's jury instruction was in error, as it informed the jury that the government did not have to prove that Johnson knew that the gun's serial number had been removed, obliterated, or altered. This instruction contradicts our holding in United States v. Fennell, 53 F.3d 1296 (D.C.Cir.1995), where we interpreted the amended penalty provision of § 922(k) to mean that "the government now must establish that the defendant knew of the obliteration." 53 F.3d at 1301. We therefore reverse Johnson's conviction on this count (the government has indicated that it does not intend to retry Johnson on it). As to the § 924(c) conviction, the government also agrees that it must be reversed in light of the Supreme Court's recent decision in Bailey v. United States, 116 S.Ct. 501 (1995). The government asks us to remand this count to the district court to consider whether Johnson should now receive a 2-level upward adjustment under U.S.S.G. § 2D1.1(b)(1), and we grant this request. See United States v. Fennell, 77 F.3d 510 (D.C.Cir.1996).
 
 
 5
 The district court did not commit prejudicial error in exercising its discretionary judgment in dismissing a juror prior to opening statements and replacing the juror with an alternate, pursuant to FED.R.CRIM.P. 24(c). See United States v. Simpson, 992 F.2d 1224, 1228 (D.C.Cir.1993). Therefore it is
 
 
 6
 ORDERED and ADJUDGED, by the court, that the judgment of the district court denying appellant's motion to suppress physical evidence is affirmed; and it is further
 
 
 7
 ORDERED that appellant's convictions under 18 U.S.C. § 922(k) and 18 U.S.C. § 924(c) be reversed; and it is further
 
 
 8
 ORDERED that this case be remanded to the district court for resentencing to consider whether a sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) is appropriate; and it is further
 
 
 9
 ORDERED that in all other respects the judgment of the district court is affirmed.
 
 
 10
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 41.