104 F.3d 1407
 323 U.S.App.D.C. 59
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Andre E. YOUNG, Appellant.
 No. 94-3089.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 4, 1996.
 
 Before: WALD, WILLIAMS and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 36(b). It is therefore
 
 
 2
 ORDERED that the judgment of conviction be affirmed. We find no plain error in the admission of the police expert's testimony, especially in the absence of a sufficient showing that it prejudiced appellant. See United States v. Glenn, 64 F.3d 706 (D.C.Cir.1995). Although a portion of the prosecutor's rebuttal argument was improper, it did not amount to plain error in light of the court's jury instructions on burden of proof and arguments of counsel. Nor was there a reasonable likelihood that the jury understood the court's instructions to allow conviction based on proof insufficient to establish every element of the offense charged beyond a reasonable doubt. See Victor v. Nebraska, 114 S.Ct. 1239, 1240-41 (1994); United States v. Spencer, 25 F.3d 1105, 1110 (D.C.Cir.1994). Finally, appellant's hearsay objection failed to preserve for review his argument that a question in the prosecutor's cross-examination of Rene Dixon was posed for an improper purpose, see United States v. David, 96 F.3d 1477, 1480-81 (D.C.Cir.1996), and the court's failure to caution the jury sua sponte was not plain error.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).