UNITED STATES of America, Appellee

v.

Robert RHODES, Appellant.

No. 92–3132.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 8, 1996.

Decided Jan. 31, 1997.

Lois Godfrey Wye, argued the cause for appellant, with whom John P. Dean, appointed by the court, Washington, DC, was on the briefs.

James G. Flood, Assistant U.S. Attorney, Washington, DC, argued the cause for appellee. Eric H. Holder, Jr., U.S. Attorney, John R. Fisher and E. Vaughn Dunnigan, Assistant U.S. Attorneys, Washington, DC, were on the brief. Thomas J. Tourish, Jr., Assistant U.S. Attorney, Washington, DC, entered an appearance.

Before: EDWARDS, Chief Judge, GINSBURG, Circuit Judge and BUCKLEY, Senior Circuit Judge.

Opinion of the Court filed by Chief Judge EDWARDS.

HARRY T. EDWARDS, Chief Judge:

This case arose out of the search of a District of Columbia house, in which police found, among other things, crack and powder cocaine and firearms. Appellant Robert Rhodes, who was in the home at the time, was arrested and charged with two counts of possessing narcotics with intent to distribute ("pwid") and one count of using a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). A jury convicted Rhodes on all three counts. Based on an offense level of 32 and a criminal history category of I, the District Court sentenced Rhodes to concurrent 121–month terms on his two drug-possession convictions. The court also sentenced Rhodes to a consecutive five-year term on the § 924(c) conviction. The sentencing court could not increase Rhodes's drug offense level pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) for possession of a firearm during a drug trafficking offense, because sentencing under § 2D1.1(b)(1) and under § 924(c) are mutually exclusive.

When this case first came before this court, appellant's convictions were affirmed. See United States v. Rhodes, 62 F.3d 1449 (D.C.Cir.1995). Subsequently, the Supreme

Court decided Bailey v. United States, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), holding that § 924(c) requires an "active employment" of a firearm by a defendant. Appellant then appealed his § 924(c) conviction to the Supreme Court, which vacated this court's judgment and remanded to this court for further consideration in light of Bailey. See Rhodes v. United States, —— U.S. ——, 116 S.Ct. 1562, 134 L.Ed.2d 662 (1996). Appellant argues, and the Government concedes, that, in light of Bailey, there is insufficient evidence in the record to support appellant's conviction under § 924(c). We agree and, accordingly, reverse appellant's § 924(c) conviction.

Given the reversal of the § 924(c) conviction, the Government requests that this court remand the case to allow the District Court to apply a sentence enhancement under § 2D1.1(b)(1). Appellant contends that the sentences that he initially received for his pwid offenses are final, and, therefore, this court lacks the authority to remand for resentencing on these narcotics counts. We disagree.

Section 2D1.1(b)(1) is a mandatory enhancement under the Sentencing Guidelines, so there is no doubt that appellant's pwid sentences would have been enhanced absent the § 924(c) conviction. The only question here is whether appellant should escape this enhancement merely because he avoided a § 924(c) conviction by virtue of appellate review rather than jury verdict. We think not. Accepting appellant's contention that we lack authority to remand his pwid convictions for resentencing would lead to the absurdity of requiring an enhancement to a defendant's offense level pursuant to § 2D1.1(b)(1) when a jury acquits a defendant on the § 924(c) count, but not when a jury convicts a defendant on the § 924(c) count and the verdict is later reversed on appeal. Congress surely did not contemplate such an outcome. 28 U.S.C. § 2106 provides appropriate authority for this court to remand appellant's pwid drug convictions for resentencing.

## I. BACKGROUND

On April 2, 1991, officers of the Bureau of Alcohol, Tobacco, and Firearms and the Dis-

trict of Columbia Police Department arrested Rhodes in the second-floor front bedroom of a house at 5115 Seventh Street, N.W. in the District of Columbia. While searching the premises, the police found a triple-beam scale, a bowl with white residue on it, several plastic baggies, a safe—with cash, powder cocaine, crack cocaine, and a revolver inside—and several firearms in plain view. *See Rhodes,* 62 F.3d at 1451. When arrested, Rhodes did not have any firearms on his person. Rhodes was convicted at a jury trial on two counts of possessing narcotics with intent to distribute and on one count of using a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c).

On April 28, 1992, based on an offense level of 32 and a criminal history category of I, the District Court sentenced Rhodes to concurrent 121–month terms on his two drug-possession convictions and to a consecutive five-year term on the § 924(c) conviction. The sentencing court could not increase Rhodes's drug offense level pursuant to § 2D1.1, because an application of § 2D1.1(b)(1) is foreclosed when a defendant receives a mandatory minimum sentence for a conviction under § 924(c).[1]

Appellant's convictions were upheld by this court. Subsequently, the Supreme Court decided *Bailey,* which interpreted § 924(c) to require an "active employment" of a firearm by a defendant. Appellant petitioned the Supreme Court for certiorari, arguing that, under *Bailey,* his § 924(c) conviction should be reversed. The Supreme Court granted appellant's petition, vacated this court's judgment, and remanded to this court for further consideration in light of *Bailey. See Rhodes,* —— U.S. at ——, 116 S.Ct. at 1562.

## II.  ANALYSIS

▮ We first address whether, in light of *Bailey,* this court should reverse appellant's § 924(c) conviction. In *Bailey,* the Supreme Court, in construing the term "use" of a firearm under § 924(c), found that the term "requires evidence sufficient to show an *active employment* of the firearm by the defendant." —— U.S. at ——, 116 S.Ct. at 505. Further, the Court held, "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds. Storage of a firearm, without its more active employment, is not reasonably distinguishable from possession." *Id.* at ——, 116 S.Ct. at 508. The Government concedes that, in light of *Bailey,* there is insufficient evidence in the record to support appellant's conviction under § 924(c). We agree and, accordingly, reverse appellant's § 924(c) conviction.

▮ In light of this reversal, the Government requests that this court remand appellant's pwid drug convictions for resentencing pursuant to § 2D1.1(b)(1). Appellant contends that this court lacks authority to remand for resentencing. We disagree.

▮ We start with the following critical premise, which is not disputed: if the jury had acquitted appellant on the § 924(c) count, § 2D1.1(b)(1) would have required that the sentencing judge enhance appellant's offense level for sentencing on the remaining drug possession convictions by two levels for possession of a firearm in relation to a drug trafficking offense, provided the Government met the requirements of § 2D1.1.[2] In other words, the Government did not irrevocably lose the possibility of an enhancement under § 2D1.1(b)(1), by *charging* the defendant under § 924(c). Rather, the Government loses the enhancement only if there is a conviction

---

1. The Sentencing Guidelines prohibit such double counting, precluding a court from enhancing a defendant's sentence pursuant to § 2D1.1(b)(1) when there is a § 924(c) conviction. The guidelines provide, in relevant part:

> 18 U.S.C. §§ 844(h), 924(c), and 929(a) provide mandatory minimum penalties for the conduct proscribed. To avoid double counting, when a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense charac-

teristic for explosive or firearm discharge, use, or possession is not applied in respect to such underlying offense.

U.S. SENTENCING GUIDELINES MANUAL § 2K2.4 (backg'd).

2. The Sentencing Guidelines provide that, in the context of a drug trafficking offense, "[i]f a dangerous weapon (including a firearm) was possessed, increase [offense level] by 2 levels." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1).

under § 924(c), because an enhancement under § 2D1.1(b)(1) and sentencing on a § 924(c) conviction are mutually exclusive.

Notwithstanding this premise, appellant asserts that, under 18 U.S.C. § 3582, a court's authority to modify a sentence that already has been imposed is strictly limited to three circumstances: (i) on motion by the Bureau of Prisons, (ii) as "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," or (iii) in the event the Sentencing Guidelines are changed to allow a reduction in the sentence. Because none of these circumstances is present in the instant case, appellant appears to believe that it does not matter that an enhancement under § 2D1.1(b)(1) would have been required if the jury had not convicted on the § 924(c) count. As far as appellant is concerned, the important point in this case is simple, to wit: because the literal terms of § 3582 have not been met, this court has no authority to remand for resentencing.[3]

Appellant's position raises a novel issue, one that defies an easy answer. Fortunately, we need not address the knotty questions regarding the scope of § 3582, for we find that this case is controlled by 28 U.S.C. § 2106.

■ Apart from our starting premise—regarding the *required* enhancement under § 2D1.1(b)(1) in the absence of a § 924(c) conviction—two matters are clear. First, under *United States v. Fennell*, 77 F.3d 510 (D.C.Cir.1996), it was unnecessary for the Government to file a conditional "cross-appeal" in this case in order to preserve the possibility of an enhancement under § 2D1.1(b)(1) in the event of a reversal pursuant to *Bailey*. It is true that the court in *Fennell* did not consider the relevance of § 3582, but it did make clear that the presence or absence of a cross-appeal should not be determinative.

Second, and more importantly, the precise question that we face today clearly is one that has escaped the attention of Congress. Although appellant raises an interesting argument with respect to the application of § 3582, it seems plain to us that the situation here simply is not within the compass of concerns addressed by § 3582. It is true that we could hold that this case does not precisely fit one of the three listed exceptions to § 3582, but that would be to endorse an absurd result.

To countenance appellant's argument that this court lacks authority to remand the pwid drug convictions for resentencing would suggest that the required enhancement under § 2D1.1(b)(1) is lost simply because the Government obtained a conviction under § 924(c) that was later reversed on appeal. If the jury had acquitted the defendant in the first instance, there is no doubt that an enhancement under § 2D1.1(b)(1) would have been required if the Guideline was satisfied. In this narrow (and quite odd) circumstance—one apparently not contemplated by Congress—we believe that 28 U.S.C. § 2106 establishes appropriate authority for this court to remand the pwid drug convictions for resentencing.

Section 2106 provides:

---

**3.** Appellant also argues that remanding his remaining drug convictions for consideration of an enhancement to his sentence pursuant to § 2D1.1(b)(1) would violate the Due Process and Double Jeopardy Clauses. Appellant's claims are meritless. With respect to the substantive due process claim, appellant contends that he has served so much of his sentence—more than 69 months of his 121–month sentence—that "his expectations as to [his sentence's] finality have crystallized and it would be fundamentally unfair to defeat them," *United States v. Lundien*, 769 F.2d 981, 987 (4th Cir.1985). Appellant could cite, and we could find, no case in which a court has refused resentencing, as a substantive due process violation, because of the amount of time that a defendant had served prior to resentenc-

ing. Further, appellant has no "legitimate expectation of finality in [his] original sentence," *U.S. v. Andersson*, 813 F.2d 1450, 1461 (9th Cir. 1987). As an enhancement pursuant to § 2D1.1 on the underlying drug convictions and a conviction under § 924(c) are mutually exclusive in order to avoid double counting, appellant's sentences for his multiple convictions were interdependent. By voluntarily challenging his § 924(c) conviction, appellant brought the sentences on his underlying drug convictions into question, thereby defeating his expectation of finality. *See U.S. v. Cochran*, 883 F.2d 1012, 1017 (11th Cir. 1989). Thus, the Double Jeopardy Clause does not prohibit remanding appellant's remaining drug convictions for resentencing.

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106. On the facts of this case, it is "just under the circumstances" to remand. Given that the sentencing court is *obliged* to enhance the defendant's sentence when the Government satisfies the requirements of § 2D1.1 and that, under *Fennell,* the Government was not required to file a conditional cross-appeal, we must conclude that, in this case, the Government retains the right to seek an enhancement of the defendant's sentence on the remaining convictions under § 2D1.1(b)(1).

### III. Conclusion

For the reasons stated hereinabove, we reverse appellant's conviction under § 924(c), and we remand his remaining convictions for possible resentencing taking into account the provisions of § 2D1.1(b)(1).