NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 14, 2012
Decided April 10, 2012

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3558

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-CR-221 |
| RICKY L. REID, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

### O R D E R

Ricky Reid pleaded guilty to possessing a gun after a felony conviction, 18 U.S.C. § 922(g)(1), and maintaining a premises where crack cocaine was sold, 21 U.S.C. § 856(a). In March 2007 the district court sentenced Reid to a total of 108 months' imprisonment. The court imposed that below-range term to run concurrently with Reid's state imprisonment for a probation violation. After the Sentencing Commission had reduced the base offense level for most crack offenses and made the changes retroactive, *see* U.S.S.G. app. C, amends. 706, 713; U.S.S.G. § 1B1.10, Reid moved for a reduced sentence under 18 U.S.C. § 3582(c)(2). At sentencing the district court had found Reid responsible for 50 to 150 grams of crack,

and he argued in his § 3582(c)(2) motion that the court should apply a base offense level of 26—which now corresponds to offenses involving 28 to 112 grams of crack—yielding an imprisonment range of 70 to 87 months. Given that he had received a below-guidelines sentence originally, Reid requested a reduction to 70 months. The government, in response, proposed a base offense level of 28, which under the current guidelines applies to offenses involving 112 to 196 grams of crack and would yield a range of 87 to 108 months. The government suggested that 87 months would be appropriate.

Instead of deciding whether the actual quantity was at least 112 grams, the district court reduced Reid's sentence to 87 months, which falls within the guidelines range under either party's calculus. Reid has filed a notice of appeal, but his appointed lawyer deems the matter frivolous and, although acknowledging that defendants pursuing relief under § 3582(c)(2) have no right to appointed counsel, *see United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), has out of an abundance of care filed a brief in the form required of an attorney seeking to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Reid has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We recognize counsel's service to this court and to his client and, because we agree that Reid's appeal lacks merit, we affirm the judgment of the district court.

As counsel recognizes, the district court took a procedural shortcut by declining to determine the amended guideline range in reducing Reid's sentence. *See* U.S.S.G. § 1B1.10(b)(1) (courts "shall determine the amended guideline range" when deciding if, and by how much, to reduce a sentence)*; Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010); *United States v. David*, 660 F.3d 471, 472 (D.C. Cir. 2011); *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Although its original finding was imprecise, the court was free to recalculate the drug quantity with greater precision so long as its finding was supported by the evidence and consistent with the original estimate. *See United States v. Duncan*, 639 F.3d 764, 767–68 (7th Cir. 2011). The district court's decision not to do so was harmless, however, because Reid's revised sentence is within the guidelines range under either of the two potentially applicable offense levels, and the court's explanation for its choice makes clear that it would not have imposed a greater reduction regardless of the precise amount of crack for which Reid was responsible. *See, e.g., United States v. Hill*, 645 F.3d 900, 912 (7th Cir. 2011); *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009); *United States v. Anderson*, 517 F.3d 953, 965–66 (7th Cir. 2008); *United States v. Howard*, 179 F.3d 539, 545 (7th Cir. 1999). Although acknowledging that a lower sentence might be authorized, the court in explaining its selection of 87 months cited the aggravated nature of Reid's crimes, his significant criminal record, and the fact that he already had benefitted from concurrent sentencing despite the guidelines' recommendation to the contrary, *see* U.S.S.G. § 5G1.3(c) & cmt. n.3(C). With these considerations in mind, the court reasoned that a sentence of 87

months is necessary to protect the public, promote respect for the law, and deter Reid from committing future crimes.

In light of the court's explanation and because we can ascertain no other basis on which Reid can argue that the district court abused its discretion, we conclude that Reid's appeal is without merit.

Counsel's motion to withdraw is **GRANTED**, and the judgment of the district court is **AFFIRMED**.